HAZOURI, J.,
concurring specially.
I concur in the majority opinion and write for the purpose of expressing my view that Pawtucket’s insistence that the arbitration take place in New Hampshire in fact raises a coverage issue.
The arbitration clause in the policy is part of the insureds’ coverage. I see little if any distinction between the insurance company in Sanchez refusing to arbitrate, and Pawtucket’s insistence that the arbitration take place in New Hampshire. In both instances, the insureds were required to litigate provisions of their policies in order to proceed with the arbitration.
Section 627.727(8), Florida Statutes, was intended to preclude attorney’s fees when an insured and the insurance company could not agree on the value of the uninsured motorist claim and the insured resorted to litigation. The insured was not to be placed in a more advantageous position than if the insured was suing the tortfeasor. An insurance company should not be penalized with the assessment of attorney’s fees simply because it contested liability or the extent of the insureds’ damages.